## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MALIBU MEDIA, LLC,

                      Plaintiff,

                v.

JOHN DOES 1-16,

                  Defendants.

Civil Action No.12-cv-0235 (RLW)

### MEMORANDUM OPINION

       Before the Court is Plaintiff's Motion for Leave to Serve Third-Party Subpoenas Prior to a Rule 26(f) Conference (Docket No. 3).  Having considered Plaintiff's briefing on this motion, and for the reasons set forth below, Plaintiff's motion is GRANTED and Plaintiff shall serve its subpoenas in a manner consistent with the Order with accompanies this Memorandum Opinion.

       Plaintiff seeks leave of the Court to serve Rule 45 subpoenas on Internet Service Providers ("ISPs") to ascertain the true identities of certain John Doe Defendants that, according to Plaintiff, have committed direct and contributory infringement of Plaintiff's copyrighted works.[1]

       "[U]nder the Federal Rules of Civil Procedure, parties to an action 'may not seek discovery *from any source* before the parties have conferred as required by the Federal Rules, unless the parties agree to take discovery." Wada v. U.S. Secret Serv., 525 F. Supp. 2d 1, 11 (D.D.C. 2007) (quoting Fed. R. Civ. P.  26(d)) (emphasis added).  A party may, however,

---

[1]     Plaintiff has alleged that each of the Defendants committed an act of copyright infringement using an Internet Protocol address ("IP address") which has been traced to a physical address located within the District of Columbia.  (Compl. ¶ 4).

obtain discovery "when authorized . . . by court order."  Fed. R. Civ. P. 26(f).  Such

authorization will be granted only upon a showing of "good cause".  Fed. R. Civ. P. 26(d)(1).

The Digital Millennium Copyright Act ("DCMA"), 17 U.S.C. § 512, has a provision

that allows a copyright owner to subpoena an Internet service provider ("ISP") to identify

subscribers that the copyright owner has reason to believe are infringing its copyrights, the

specific discovery that Plaintiff seeks here.  See 17 U.S.C. § 512(h)(1) ("A copyright owner . . .

may request the clerk of any United States district court to issue a subpoena to [an ISP] for

identification of an alleged infringer . . .").  However, in order to avail itself of the section

512(h) subpoena power, the copyright owner's request for subpoena must be accompanied by:

(1) a "notification of claimed infringement" to the ISP as specified in § 512(c)(3)(A); (2) the

proposed subpoena directed to the ISP; (3) a sworn declaration that the purpose of the

subpoena is "to obtain the identity of an alleged infringer and that such information will only

be used for the purpose of protecting"  rights under the copyright laws of the United States.  17

U.S.C. §§ 512(h)(2)(A)-(C).  Upon receipt of a duly issued section 512(h) subpoena, the ISP is

"authorize[d] and order[ed]" to expeditiously disclose to the copyright owner identifying

information for the alleged infringer.  See 17 U.S.C. §§ 512(h)(3), (5).

Plaintiff, however, has chosen not to engage the DMCA machinery in this case[2], but

instead seeks leave of the Court to serve Rule 45 subpoenas, governed by the Federal Rules of

Civil Procedure.  Thus, the Court must determine whether any other statutory or regulatory

provision authorizes disclosure of subscriber information by these third-parties, who are either

---

[2]  Because it appears that the ISPs involved in this case perform only the "conduit" functions addressed in § 512(a) of the DMCA, a subpoena under § 512(h) would not be authorized here.  See Recording Ind. Ass'n of Am. v. Verizon Internet Servs., Inc., 351 F.3d 1229, 1236 (D.C. Cir. 2003).  The DCMA does not contain any provisions prohibiting a private individual from seeking discovery of subscriber information using a different statutory mechanism.

cable companies or electronic communications providers.  The Cable Communications Policy

Act, 47 U.S.C. § 521 *et seq.*, allows  disclosure of subscriber information by a cable operator to

a non-governmental entity "if the disclosure is . . . made pursuant to a court order authorizing

such disclosure, if the subscriber is notified of such order by the person to whom the order is

directed." Fitch v. Doe, 869 A.2d 722, 728 (Me. 2005) (quoting 47 U.S.C.A. § 551(c)(2)(B)).

Similarly, the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq.*, allows

disclosure of subscriber information by an ISP to a private individual pursuant to a court order.

See Jessup-Morgan v. America Online, Inc., 20 F. Supp. 2d 1105, 1108 (E.D. Mich. 1998)

(citing 18 U.S.C. § 2703(c)(1)(A)).  See generally, Kurtis A. Kemper, 2 Computer and

Information Law Digest § 12:7 (2d ed. 2011); Ian C. Ballon, 4 E-Commerce and Internet Law

§ 50.06[4][A] (2011-2012 update).

Thus, the only remaining question is whether Plaintiff's requested subpoenas comply

with the Federal Rules of Civil Procedure.  Rule 45(b)(1) requires that each party be given

prior notice of the subpoena before it is served if it commands the production of documents,

electronically stored information, or tangible things before trial.  See 9A Charles Alan Wright

& Arthur R. Miller, Federal Practice and Procedure § 2454 (3d ed. 2008); Fed. R. Civ. P. 45(b)

(Advisory Committee Notes re 1987 Amendment) ("The purpose of such notice is to afford

other parties an opportunity to object to the production or inspection, or to serve a demand for

additional documents or things.").  However, the defendant parties here are anonymous John

Does, so it is impossible to comply completely with the rule by notifying those John Does prior

to service of the subpoenas.  Thus, the Court will order the ISPs to provide notice to their

subscribers at least 10 days prior to disclosure to Plaintiff, which would allow any of the John

Does an opportunity to object or intercede, as this is the best compliance that can be achieved

under Rule 45(b)(1).  See Solders, Inc. v. Doe, 977 A.2d 941, 954-55 (D.C. 2009).

    The D.C. Circuit has held that Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."  Watts v. Sec. & Exch. Comm'n, 482 F.3d 501, 507 (D.C. Cir. 2007) (internal quotes omitted).  Plaintiff has established that "good cause" exists for the discovery it seeks.  Therefore, the Court will grant Plaintiff leave to serve each of the identified ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the John Doe Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to Plaintiff's motion.  Of course, Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

    The Court notes that the Proposed Order submitted with Plaintiff's motion contains several findings that the Court is not inclined to rule upon at this time.  Specifically, the Court will not make any findings that joinder is proper or that the putative defendants in this case may not file a motion to quash.  In addition, the Court will not make any finding with regard to any fees the ISPs may charge in connection with providing the subpoenaed information.

SO ORDERED.

April 11, 2012

                                  _____
Robert L. Wilkins
United States District Judge