UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Civil Action No. 12-CV-0235-RC-JMF ) |
| JOHN DOES 1-16, | ) ) |
|     Defendants. | ) ) |

**DEFENDANT J. DOE'S (IP ADDRESS 72.83.89.74) MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 4(m)**

Defendant J. Doe, identified by Plaintiff as IP Address 72.83.89.74 (hereinafter "Defendant"), by and through undersigned counsel, respectfully requests the Court to deny Plaintiff's Motion for an extension of time and, remaining anonymous, to grant Defendant's Motion and dismiss Plaintiff's Complaint or, in the alternative, dismiss Defendant because Plaintiff has failed to effectuate service within 120 days of filing the Complaint.

Plaintiff asserts that since Defendant's identifying information was not received until June 8, 2012, providing only three (3) days for Plaintiff to properly investigate and serve Defendant, Plaintiff is entitled to an extension of time to name Defendant. Doc. 20. However, on July 20, 2012, seven (7) days after Defendant filed the Motion to Dismiss for lack of prosecution, Plaintiff entered the Notice of Proposed Summons against Defendant, John Doe 16. Plaintiff has not provided the Court any reason why Plaintiff could not have issued such notice before July 11, 2012, as Plaintiff had this identifying information for three (3) days prior to the Rule 4(m) deadline, if Plaintiff does in fact intend to proceed against Defendant. The timing of

the Notice of Summons against John Doe #16, and in light of the fact that Defendant is the only responding Doe Defendant in the proceeding, suggests that Plaintiff's Notice is filed in retaliation to Defendant's Motion to Dismiss pursuant to Rule 4(m).

Further, Plaintiff contends it does not believe service is proper until the Court rules on the motion for extension of time.  In contrast, Defendant believes service on any Doe Defendants would be improper until the Court has ruled on Defendant's Motion to Dismiss.  Defendant re-asserts that dismissal under Rule 4(m) is proper as Plaintiff's failure to serve Defendant violates the procedural requirements and such violation is inconsistent with its zealous action taken outside of this litigation.  The fact remains that Federal Rules of Civil Procedure require service on Defendants within 120 days. Plaintiff has failed to comply with the rule and the fact that Plaintiff had Defendant's identifying information prior to July 11, 2012, as admitted to by Plaintiff, undermines Plaintiff's alleged "good cause" for its failure to serve Defendant.

Plaintiff's statement that "dismissing Defendant, refilling [sic] and naming the Defendant in an individual action" has been delayed until the Court rules on whether Defendant may proceed anonymously is contradictory and, in fact, disingenuous, as evidenced by Plaintiff's Notice of Summons identifying Defendant by name, rather than simply issuing the Notice against "John Doe 16." Doc. 19.  Plaintiff was aware of Defendant's requests to appear anonymously and the issuance of the Notice displays a complete disregard of the Court's authority to consider and decide this issue of anonymity with respect to Defendant.  Plaintiff's stipulation to Defendant's name being filed under seal is now irrelevant, due to the fact that Plaintiff has now released Defendant's name in the Notice of Summons.

This Court has stated that "there is a reasonable likelihood that the [Doe Defendants named in copyright infringement complaints] may have had no involvement in the alleged illegal downloading that has been linked to his or her IP address", s*ee Malibu Media, LLC v. John Does 1-11*, No. 1:12-CV-237, Doc. 14, and held that a Doe Defendant has good cause for issuance of a protective order in such cases "because the Movant is a nonparty and, as a result, his or her privacy interests are even more acute than if he or she were a party." *Id*.  As previously noted by Defendant in this case, the nationwide initiation of mass copyright suits, predicated on a "swarm joinder" theory, filed by Plaintiff and other media companies seeking to profit under a questionable business model, is a predatory scam, void of any interest in actually litigating these copyright claims, and an abuse of the judicial system to prey on *pro se* litigants to negotiate quick settlements. *Malibu Media, LLC v. John Does 1-55*, No. 1:12-cv-1407 (D. Colo. Jul. 25, 2012); *see* Exhibit A.

Multiple jurisdictions have taken note of the tactics taken by Plaintiff in BitTorrent cases and have come to consistent conclusions: media companies are using the courts as an inexpensive means to gain Doe Defendants' personal information to coerce payment from them. *K-Beech, Inc. v. John Does 1-85*, No. 3:11-cv-469 (E.D. Va. Oct. 5, 2011) (stating that "[t]he Plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does); *Patrick Collins, Inc. v. John Does 1-26*, No. 1:11-cv-1656 (D. Colo. Oct. 5, 2011) (taking judicial notice of *K-Beech, Inc.*, claiming whenever the suggestion of a ruling on the merits of the claims appears on the horizon, the Plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits); *Malibu Media, LLC v. John Does 1-14*, No. 2:12-cv-2084 (E.D. Pa. Jun. 5, 2012) (allowing the filing of

a non-party declaration from an anonymous, former Doe Defendant which states that Malibu Media, LLC and the growing number of copyright infringement lawyers are abusing the court for their financial gain); *Millennium TGA, Inc. v. John Doe*, No. 1:12-mc-150 (D.D.C. May 2, 2012) (where Comcast, a Doe Defendant's own ISP, filed objections on behalf of its customers and asserting that the information sought by Plaintiffs "will likely only ever be used to attempt to extract pre-litigation settlements from Comcast's subscribers"; additionally, the Court took note of Malibu Media, LLC's "judge shopping" tactics after voluntarily dismissing a complaint in District Court of the District of Columbia, thereafter filing the identical claim in District Court in Texas, only to return to the District of Columbia Court to enforce the subpoena against the ISP); *Raw Films, Inc. v. Does 1-32*, WL 6840590 (N.D. Ga. Dec. 29, 2011) (stating that Plaintiffs only use the court system to coerce payment from Doe Defendants); *Malibu Media, LLC v. John Does 1-10*, No. 2:12-cv-3623 (C.D.Cal. Jun. 27, 2012) (stating "[t]he federal courts are not cogs in Plaintiff's copyright-enforcement business model" and the court would not "idly watch what is essentially an extortion scheme"); *In re BitTorrent Adult Film Copyright Litigation*, WL 1570765 (E.D.N.Y. May 1, 2012) (stating that "[o]ur federal court system provides litigants with some of the finest tools available to assist in resolving disputes", but the court would not "permit those tools to be used as a bludgeon.").

    For the foregoing reasons, anonymous Defendant J. Doe (IP Address 72.83.89.74) respectfully requests the Court to deny Plaintiff's motion for extension of time and properly dismiss the Complaint pursuant to Rule 4(m), or in the alternative, dismiss Defendant from this case as Plaintiff has failed to serve Defendant within the procedural requirements.

This, the 30th day of July, 2012.

Respectfully submitted,

S/ Bradford P. Johnson

_____
Bradford P. Johnson, Esq.
D.C. Bar No. 385757
Johnson Law Group Intl., PLLC
1321 Pennsylvania Avenue, SE
Washington, DC 20003
Telephone:   202-544-1515
Fax:               866-446-3240
Email:           bjohnson@jlgi.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this, the 30th day of July, 2012, a true and correct copy of the foregoing document was served on counsel for Plaintiff, Jon A. Hoppe, via the CM/ECF system.

S/ Bradford P. Johnson
_____
Bradford P. Johnson, Esq.
Johnson Law Group Intl., PLLC

5